No. 71–5560.  MILLER v. OREGON.  Sup. Ct. Ore.  Certiorari denied.

MR. JUSTICE BRENNAN, joined by MR. JUSTICE DOUGLAS and MR. JUSTICE MARSHALL, dissenting.

Petitioner had a pistol on his person when he was arrested in Portland, Oregon, on January 28, 1970.  Two prosecutions were brought against him based on this single act of possession.  The first was a complaint filed January 29, 1970, for violation of § 14.32.040 of the Code of the City of Portland, which makes it a crime to carry a concealed weapon.  The second was an indictment handed down April 20, 1970, for violation of Oregon Revised Statutes § 166.270, whch makes it a felony for "any person who has been convicted of a felony against the person or property of another" to carry a concealed weapon.

On April 29, 1970, the petitioner was convicted of the ordinance violation.  He thereupon entered a plea of double jeopardy to the felony indictment.  The plea was sustained in the trial court and the indictment dismissed.  The Court of Appeals of Oregon reversed, 5 Ore. App. 501, 484 P. 2d 1132.  The Oregon Supreme Court denied review.

I would grant the petition for certiorari and reverse. In my view the Double Jeopardy Clause applicable to the States through the Fourteenth Amendment, *Benton* v. *Maryland,* 395 U. S. 784 (1969), requires the prosecution, except in most limited circumstances not present here, "to join at one trial all the charges against a defendant that grow out of a single criminal act, occurrence, episode, or transaction." *Ashe* v. *Swenson,* 397 U. S. 436, 453–454 (1970) (concurring opinion).  Under this "same transaction" test of "same offense" the trial court properly sustained petitioner's double jeopardy plea.