STATE of Missouri, Respondent,

v.

Willie J. SMITH, Appellant.

Nos. 56646, 57656.

Supreme Court of Missouri,
Division No. 1.

Feb. 12, 1973.

Motion for Rehearing or to Transfer to Court
En Banc Denied March 12, 1973.

————◆————

John C. Danforth, Atty. Gen., Preston Dean, Assist. Atty. Gen., Jefferson City, for respondent.

Robert C. Babione, Assist. Public Defender, St. Louis, for appellant.

WELBORN, Commissioner.

Consolidated appeals from two judgments of conviction, on jury verdicts, for murder in the first degree, with consecutive life sentences.

On the night of October 31, 1969, Hermine Rohs, her son, Willy, and Willy's wife, Marilyn, were stabbed to death by intruders in Mrs. Rohs' apartment in St. Louis. Various items of personal property were stolen from the victims and the women were raped.

Clues at the scene of the crimes led officers to Edward Johnson who had previously done some odd jobs for Mrs. Rohs. Johnson was arrested and information obtained by police led to the arrest of Willie J. Smith. Smith made a statement, detailing the offenses. He was indicted by a grand jury on three separate charges of murder in the first degree by indictments filed November 13, 1969.

In Cause No. 2519–R, Smith was charged with the murder of Marilyn Rohs. He was tried on that charge, beginning November 9, 1970. The trial resulted in a verdict of guilty of murder in the first degree. After his motion for new trial was overruled, judgment in accordance with the verdict was entered on February 24, 1971. The appeal from such judgment is Cause No. 56,646 in this court.

The indictment in Circuit Court Cause No. 2517–R charged Smith with first degree murder in the death of Willy Rohs. On March 30, 1971, a motion to dismiss that charge was filed. The grounds of the motion were that in the trial of Cause No. 2519–R the state introduced into evidence the fact of the death of Willy Rohs and that to try him for such offense in Cause No. 2517–R would constitute double jeopardy in violation of state and federal constitutional guaranties. The motion alternatively sought to exclude imposition of the death sentence in Cause No. 2517–R because a life sentence had been imposed in the prior trial. The motion was denied.

Smith was tried in Cause No. 2517–R, beginning December 13, 1971. A jury returned a verdict of guilty of murder in the first degree. After his motion for new trial had been overruled, judgment was entered in accordance with the verdict, with the sentence to run consecutively to that imposed in Cause No. 2519–R. The appeal from that judgment is Cause No. 57,656 in this court.

In this court, the appeals were consolidated. However, no claim of error has been briefed or argued in Cause No. 56,646 and that judgment is, therefore, affirmed.

In Cause No. 57,656, appellant contends that the conviction must be set aside because the issues in that case had clearly been determined by a valid and final judgment in the previous trial, and that the second trial placed him in jeopardy twice for the same offense, contrary to § 19, Article I, of the Constitution of Missouri, V. A.M.S., and Amendment XIV to the Constitution of the United States.

The answer to this contention is to be found in this court's decision in State v. Moton, Mo., 476 S.W.2d 785. In that case the defendant and another had robbed two persons in a service station holdup. The prosecution and conviction of the defendant for robbery from one of the victims were held not to preclude his subsequent prosecution for the robbery from the other victim. In that case, the court distinguishes Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469, and North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656, relied upon by appellant here. Nothing need be added here to demonstrate the inapplicability of those cases on the issue here presented.

■ In the present situation, appellant was charged separately with the murder of two different persons. He was charged with two different offenses and found guilty of two separate and distinct offenses. As in Moton, substantially the same evidence was presented in both trials, but, unless and until the views of Mr. Justice

Brennan in his concurring opinion in Ashe, 397 U.S. 448, 90 S.Ct. 1189, 25 L.Ed.2d 469, are accepted as constitutional requisites, the similarity of the evidence does not result in a second charge for the same offense in a situation such as this.

Appellant points to the "felony murder" instruction in both cases as instructing the jury that if "a homicide occurred while the defendant, either acting alone or jointly with another, was robbing Willy Rohs, then such perpetration stands in lieu of deliberation and premeditation as hereinbefore defined, and the jury will be warranted in finding the defendant guilty of murder in the first degree * * *."

These instructions dealt only with the substitution of the finding that the homicide was committed in the perpetration of a robbery for the element of deliberation and premeditation, as set out in the verdict-directing instruction which required a finding in the first case that the defendant killed Marilyn Rohs, and in the second case that he killed Willy Rohs. See State v. Phillips, Mo.Sup., 299 S.W.2d 431, 437–438 [13–15]; State v. Schnelt, 341 Mo. 241, 108 S.W.2d 377, 382–383 [7–9]. The instructions did not permit a finding of guilt in either case if anyone was killed in the robbery. The jury was required in each case to find that the victim was the person named in the indictment.

The argument, based on North Carolina v. Pearce, supra, that the issue of punishment had been litigated at the first trial is answered in State v. Moton, supra, where it was pointed out: "Pearce involved a retrial for the same offense. The case at bar involves two trials for two separate offenses." 476 S.W.2d 791.

■ Appellant finally contends that, under § 545.110, RSMo 1969, V.A.M.S., the indictment in Cause No. 2517–R was suspended by the later indictment in Cause No. 2519–R. § 545.110, RSMo 1969, V.A. M.S., provides:

"If there be at any time pending against the same defendant two indictments for the

same offense, or two indictments for the same matter, although charged as different offenses, the indictment first found shall be deemed to be suspended by such second indictment, and shall be quashed."

That the "same matter" referred to in § 545.110, supra, means "same offense" is made clear by Rule 24.14, V.A.M.R., which now governs this question. Section 5, Article V, Constitution of Missouri. As previously demonstrated, the indictments here did not charge the "same offense."

Judgments affirmed.

HIGGINS, C., concurs.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

All of the Judges concur.