No. 72–6785. HYSAW *v.* ESTELLE, CORRECTIONS DIRECTOR. Ct. Crim. App. Tex. Certiorari denied.

MR. JUSTICE BRENNAN, with whom MR. JUSTICE DOUGLAS and MR. JUSTICE MARSHALL join, dissenting.

Petitioner was sentenced to eight years' imprisonment upon his plea of guilty to a charge of burglary. Later on the same day, the same conduct was the basis of a charge of theft, for which he received a consecutive eight-year sentence when he also pleaded guilty to that charge. Although neither conviction was directly appealed, petitioner sought state habeas corpus, claiming that, since both charges arose out of the same criminal transaction, his second conviction for theft violated his constitutional protection against double jeopardy. Petitioner's application was denied by the 179th District Court of Harris County and the Texas Court of Criminal Appeals.

Brief for Respondent in Opposition 2 conceded that the charges of burglary and theft arose out of the same criminal transaction. That, in my opinion, requires that we grant the petition for certiorari and reverse, for I adhere to the view that the Double Jeopardy Clause of the Fifth Amendment, which is applicable to the States through the Fourteenth Amendment, *Benton* v. *Maryland,* 395 U. S. 784 (1969), requires the prosecution, except in extremely limited circumstances not present here, "to join at one trial all the charges against a defendant that grow out of a single criminal act, occurrence, episode, or transaction." *Ashe* v. *Swenson,* 397 U. S. 436, 453–454 (1970) (BRENNAN, J., concurring); see *Miller* v. *Oregon,* 405 U. S. 1047 (1972) (BRENNAN, J., dissenting);

*Harris* v. *Washington,* 404 U. S. 55, 57 (1971) (statement of DOUGLAS, BRENNAN, and MARSHALL, JJ.); *Waller* v. *Florida,* 397 U. S. 387, 395 (1970) (BRENNAN, J., concurring).