No. 72–6919. SMITH *v.* MISSOURI. Sup. Ct. Mo. Certiorari denied.

MR. JUSTICE BRENNAN, with whom MR. JUSTICE DOUGLAS and MR. JUSTICE MARSHALL concur, dissenting.

After petitioner and one Edward Johnson forcefully entered a St. Louis apartment occupied by Mrs. Hermine Rohs, her son Willy Rohs, and his wife Marilyn Rohs, robbed them, raped both women, and finally stabbed all three to death, petitioner was indicted on three separate charges of murder in the first degree.* The State proceeded first with the trial of petitioner for the murder of Marilyn Rohs, seeking the death penalty. The jury convicted petitioner of first-degree murder, but assessed punishment at life imprisonment. Subsequently, the State tried petitioner for the murder of Willy Rohs, again seeking the death penalty. Again the jury found petitioner guilty of first-degree murder and assessed life imprisonment. The trial judge specified that the second life sentence would run consecutively to the first and the State thereupon entered a plea of *nolle prosequi* on the third indictment. The Missouri Supreme Court affirmed both convictions, rejecting petitioner's claim that the second prosecution violated his constitutional protection against double jeopardy. See 491 S. W. 2d 257 (1973).

Although both charges of murder clearly arose out of the same transaction or episode, they were prosecuted by the State in separate proceedings. That, in my

---

*Edward Johnson, who was also indicted, tried, and convicted for first-degree murder, has not petitioned this Court to review his conviction.

opinion, requires that we grant the petition for certiorari and reverse, for I adhere to the view that the Double Jeopardy Clause of the Fifth Amendment, which is applicable to the States through the Fourteenth Amendment, *Benton* v. *Maryland,* 395 U. S. 784 (1969), requires the prosecution, except in extremely limited circumstances not present here, "to join at one trial all the charges against a defendant that grow out of a single criminal act, occurrence, episode or transaction." *Ashe* v. *Swenson,* 397 U. S. 436, 453–454 (1970) (BRENNAN, J., concurring); see *Miller* v. *Oregon,* 405 U. S. 1047 (1972) (BRENNAN, J., dissenting); *Harris* v. *Washington,* 404 U. S. 55, 57 (1971) (statement of DOUGLAS, BRENNAN, and MARSHALL, JJ.); *Waller* v. *Florida,* 397 U. S. 387, 395 (1970) (BRENNAN, J., concurring).