No. 72–6930. Ex parte Kent. Sup. Ct. Mo. Certiorari denied. 

Mr. Justice Douglas, with whom Mr. Justice Brennan and Mr. Justice Marshall concur, dissenting.

The finality of the judgment in this case, at least with respect to the double jeopardy claim, is squarely decided by *Harris* v. *Washington,* 404 U. S. 55, 56 (1971). After being found not guilty by reason of insanity and committed, the petitioner sought habeas corpus relief in the Missouri Supreme Court, challenging the statute under which he was committed. That court found that petitioner was indeed improperly confined under the statute, since he should never have been acquitted. The judgment of acquittal was vacated and the case was remanded

with instructions that "[i]f it is determined that petitioner is mentally fit to proceed, the criminal proceedings may be resumed." On June 29, 1973, the trial court found petitioner competent and set the case for trial on October 29, 1973. Petitioner's attorney has informed the clerk's office that a continuance has been granted and trial is currently set for December 3, 1973. The essence of petitioner's double jeopardy claim, raised and rejected below on petition for rehearing, is that he may not again be tried. The decision that he may be so tried is final for purposes of 28 U. S. C. § 1257:

> "Since the state courts have finally rejected a claim that the Constitution forbids a second *trial* of the petitioner, a claim separate and apart from the question whether the petitioner may constitutionally be *convicted* of the crimes with which he is charged, our jurisdiction is properly invoked under 28 U. S. C. § 1257." *Harris* v. *Washington, supra,* at 56.

In *Harris* the Washington Supreme Court denied a writ of prohibition to stay a trial which petitioner claimed was barred by double jeopardy. In this case petitioner, on petition for rehearing, unsuccessfully objected to the Missouri Supreme Court's determination that criminal proceedings be resumed upon a finding of competence, and the St. Louis Circuit Court has ordered petitioner to stand trial in accordance with the Missouri Supreme Court mandate. Although his constitutional objections to the commitment statute may not be properly before us since petitioner is no longer committed under the statute, the double jeopardy claim is properly reviewable at this point since his objection to standing trial has been rejected and petitioner has been ordered to stand trial in accordance with the mandate of the State's highest court.

The issue as posed should at least be set for argument.