Eugene GIBSON, P. M. B. 57057

v.

C. Murray HENDERSON, Warden,
Louisiana State Penitentiary.

Civ. A. No. 74-290.

United States District Court,
W. D. Louisiana,
Shreveport Division.

June 20, 1974.

Eugene Gibson, pro se.

John A. Richardson, Dist. Atty., First Judicial District, Shreveport, La., for respondent.

## RULING

DAWKINS, Senior District Judge.

March 22, 1974, we directed the State, through its District Attorney for the First Judicial District Court, Caddo Parish, Louisiana, to file with us a certified copy of its complete record in this case in accordance with 28 U.S.C. § 2254(e), (f). That record now has been received, together with a response and brief of authorities from the District Attorney.

Petitioner has exhausted his remedies in the State trial Court and the Louisiana Supreme Court. State of Louisiana ex rel. Gibson v. Henderson, 289 So.2d 160.

Gibson contends that twenty and thirty year consecutive sentences, which he received September 28, 1962, in the Caddo District Court, were unconstitutional in that a charge of aggravated burglary should have been merged with the principal crime of aggravated rape. He thus pleads double jeopardy. He claims the State Court action to be in violation of the Louisiana Constitution, Article 1, Section 9, and the Fifth Amendment to the Constitution of the United States.

We carefully have reviewed the record sent to us. We also have reviewed petitioner's prior habeas application in this Court and our decision of November 10, 1970, holding that petitioner intelligently and understandingly had waived assistance of counsel prior to entering guilty pleas as to the two charges. That petition was Civil Action No. 16,105 on our docket.

We again have the complete record in that matter before us, including the transcript of the State Court evidentiary hearing containing the State habeas Judge's opinion and his findings of fact in denying the writ. That Judge found factually that petitioner 1) had made a forced entrance into the apartment of the victim, and 2) had attacked her and forced her to have sexual relations with him. These findings are noted at Page 2 of our decision in Civil Action No. 16,105. At Page 70, line 12 of the

transcript of the evidentiary hearing in the State Court, one of the investigating officers stated that he and another officer had given the Judge (at the arraignment) all of the facts in the case.

February 1, 1971, the Fifth Circuit Court of Appeals denied petitioner's *pro se* application for a certificate of probable cause and for leave to appeal in forma pauperis following its review of the record in that case.

Here the Louisiana Supreme Court found no merit in petitioner's application, after considering the sworn statement by the accused given September 6, 1962, attached to the return made by Respondent and filed in that Court. It denied his writ application. In the record now before us, there is an affidavit by the State District Attorney attaching a copy of that statement by petitioner. 28 U.S.C. § 2246.

From all this we find the facts here are uncontested. According to the affidavit and attachments, petitioner gained illegal entry into the apartment of the victim armed with a stick (according to him) for the purpose of committing a theft while the victim was in the house alone. After gaining entrance, he forced her into a room from a hallway, forcibly raping her, using a knife as a threat upon her life.

The minutes of the State Court and Bills of Information contained in the record show that petitioner was charged September 25, 1962, in that Court's Case No. 59,362, with the offense of Attempted Aggravated Rape, and in Case No. 59,363, with the offense of Aggravated Burglary. Under State law, the Attempted Rape charge provided a maximum penalty of twenty years, and the Aggravated Burglary offense a maximum penalty of thirty years. Both crimes were committed September 5, 1962. As noted, petitioner received the maximum sentences, to run consecutively, September 28, 1962.

■ Application of this set of facts has been determined by the Louisiana Supreme Court under State statutes, with the violations of which petitioner was charged, pleaded guilty, and was sentenced. Having been thus interpreted by Louisiana's highest Court, the situation here presented does not involve a federal constitutional question reviewable by federal habeas corpus. 28 U.S.C. §§ 2254, 2254(a), 2255.

There has been no double jeopardy. The ruling by the United States Supreme Court in Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469, is not here applicable. That Court, in Hysaw v. Estelle, 414 U.S. 1030, 94 S.Ct. 459, 38 L.Ed.2d 322, denied certiorari November 12, 1973 in a case where the habeas petitioner had contested his consecutive eight-year sentences for burglary and theft arising from the same transaction.

The Louisiana Supreme Court, in denying writs and habeas relief here, in effect held that the offense of burglary was not included in the rape offense, and that there was no merger of the two. This clearly is distinguishable from its holding in State ex rel., Wikberg v. Henderson, 292 So.2d 505 (La.1974), where it granted habeas relief and vacated a sentence for attempted robbery under the felony-murder statute, holding that double jeopardy had occurred in accepting pleas of guilty to both felony-murder and attempted armed robbery. It allowed the felony-murder conviction and sentence to stand while nullifying the armed robbery charge, conviction, and sentence.

■ It is for the State to determine and interpret the laws of the State where no constitutional question is involved. Hall v. Wainwright, 493 F.2d 37 (5th Cir., 1974). This the Louisiana Supreme Court has done. neither of which contained any of the preme Court has done.

■ It is clear that petitioner here was charged, convicted, and sentenced for commission of two separate crimes, essential ingredients of the other. The elements required to support a conviction of the crime of burglary are not the

same as those required for, nor are they sufficient to support, conviction of the crime of rape, and *vice versa.*

Accordingly, petitioner's application for a writ of habeas corpus is denied.