STATE OF NEBRASKA, APPELLEE, V. JOHN M. HARDIN, APPELLANT.

258 N. W. 2d 245

Filed October 19, 1977. No. 41343.

John M. Hardin, pro se.

Paul L. Douglas, Attorney General, and Robert F. Bartle, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

CLINTON, J.

This is a post conviction proceeding under the provisions of section 29-3001, et seq., R. R. S. 1943, in the application for which the appellant, John M. Hardin, alleged that the consecutive sentences imposed upon him for conviction of two counts of armed robbery were in violation of the double jeopardy provisions of the Fifth Amendment to the Constitution of the United States. The District Court for Douglas County, after examination of the files and records in the case, determined that the defendant

was entitled to no relief, and accordingly denied an evidentiary hearing and the relief requested.

We affirm the holding of the District Court.

The question presented to us is wholly one of law. The files and records in the case show the defendant was originally charged with three counts of armed robbery and one count of the use of a firearm in the commission of a felony. As a consequence of a plea bargain, the third robbery count and the count involving the use of a firearm in the commission of a felony were dismissed. The defendant entered a plea of guilty to the two remaining charges of robbery and was sentenced to a term of 3 years on the first count and a term of 3 to 5 years on the second count, said terms to run consecutively, with credit given for jail time served while awaiting trial and sentence. The record further establishes that all four counts with which defendant was charged grew out of the same incident. On March 7, 1975, the defendant and three companions, using a firearm, robbed the participants of a gambling game, taking money from three different victims.

The defendant argues that since all charges grew out of one transaction, he is being twice punished for the same offense in violation of the Fifth Amendment to the Constitution of the United States. To support this contention he relies primarily upon the holding of the United States Supreme Court in Ashe v. Swenson, 397 U. S. 436, 90 S. Ct. 1189, 25 L. Ed. 2d 469. We believe his reliance is misplaced. In that case the defendant had been, in the Missouri courts, acquitted of a robbery charge. The defense was alibi. There the robbery was of six poker players and, as here, one transaction was involved. The State of Missouri retried the defendant after his acquittal, this time charging him with the robbery of one of the victims not included in the charge of which he was acquitted. He was found guilty. The United States Supreme Court held that the acquittal

of the defendant on the charge of robbery of one of the gamblers prohibited, under principles of former jeopardy, subsequent prosecution for robbery of the others. The reason was collateral estoppel. Only a single transaction was involved and the sole issue was the identity of the perpetrator. The first acquittal determined that issue. That is not this case. Ashe v. Swenson, *supra,* would apply to such cases as Jeppesen v. State, 154 Neb. 765, 49 N. W. 2d 611; or even this case if the defendant had been acquitted of one of the charges growing out of the transaction and if he had been found by the jury not to have been one of the participants in the transaction, for then the principle of collateral estoppel would apply. In the case before us the defendant pled guilty to robbery of two different people. There were two victims, two crimes, and no collateral estoppel by reason of a prior acquittal. The situation here is not different than if the defendant had been convicted of killing two persons in one transaction.

The test of whether consecutive sentences may be imposed under two or more counts charging separate offenses, arising out of the same transaction, is whether the offense charged in one count involves any different elements than an offense charged in another count. The test is whether some additional evidence is required to prove one of the offenses than is necessary to prove one of the other offenses. State v. Chapple, 197 Neb. 4, 246 N. W. 2d 714.

Neither North Carolina v. Pearce, 395 U. S. 711, 89 S. Ct. 2072, 23 L. Ed. 2d 656, nor Harris v. Washington, 404 U. S. 55, 92 S. Ct. 183, 30 L. Ed. 2d 212, also cited by the appellant, prohibits this result. The latter case is simply an application of collateral estoppel as in Ashe v. Swenson, *supra.*

AFFIRMED.