STATE of Missouri,
Plaintiff-Respondent,

v.

Rudolph E. LAWSON,
Defendant-Appellant.

No. 43432.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 19, 1982.

Rehearing Denied March 19, 1982.

Stormy B. White, Asst. Public Defender, Clayton, for plaintiff-appellant.

John Ashcroft, Atty. Gen., Steven H. Akre, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

SNYDER, Judge.

This is an appeal from convictions of tampering with a motor vehicle, § 560.175, RSMo 1969, and stealing property valued over $50.00, § 560.156, RSMo 1969. Appellant was sentenced to two concurrent five year terms in the custody of the Missouri Division of Corrections. The judgment is affirmed.

Appellant first asserts that the trial court erred in denying appellant's motion to dismiss for failure to bring the cause to trial within the time limits prescribed by the speedy trial statute, § 545.780, RSMo 1978.[1] Second, appellant claims the trial court erred in refusing to allow appellant's counsel to ask the arresting officer what appellant told the officer at the time of the arrest concerning how appellant acquired the property in question. In his third point relied on, appellant charges the trial court erred in allowing the prosecutor to admit evidence of appellant's prior convictions for receiving stolen property and breaking and entering with intent to commit petit larceny.

At approximately 1:30 a. m. on October 11, 1977, police officers stopped appellant's car and arrested him for driving while intoxicated, improper lane use, and failure to dim headlights. At the time of the arrest, officers found in appellant's automobile a number of tools, two CB radios and some stereo equipment, the radios and stereo equipment having cut wires still connected to them. Earlier that evening John C. Rossy had reported to the Bridgeton Police Department that his car had been broken into and his CB radio had been stolen. Rossy later identified one of the radios found in appellant's car as being the one stolen from Rossy's car.

The time sequence of the procedures relating to the criminal charges against appellant was as follows:

| | |
|---|---|
| October 11, 1977 | Appellant was arrested. |
| September 1, 1978 | Appellant was charged with possession of burglary tools. |

---

1. All statutory references are to RSMo 1978 unless otherwise indicated.

| September 8, 1978 | Appellant pleaded not guilty at arraignment. |
| February 27, 1979 | Trial commenced. |
| March 1, 1979 | A mistrial was declared because of a hung jury. |
| April 10, 1979 | The state entered an order of nolle prosequi in the cause. |
| November 5, 1979 | Appellant was charged again with possession of burglary tools and also with tampering with a motor vehicle and stealing property valued over $50, all arising out of the incident on October 11, 1977. |
| January 11, 1980 | Appellant, imprisoned on a different charge, requested a speedy trial pursuant to § 222.080. |
| January 30, 1980 | Appellant pleaded not guilty to all three charges at his arraignment. |
| July 22, 1980 | Appellant filed a motion to dismiss for failure to give him a speedy trial. The motion was denied. |
| July 23, 1980 | Trial was commenced. |

A jury acquitted appellant of the charge of possession of burglary tools, but convicted him of tampering with a motor vehicle and stealing property valued over $50. Appellant was sentenced to two concurrent terms of five years in the custody of the Missouri Division of Corrections. Additional facts will be related as required by the discussion of appellant's points relied on.

■ Appellant's first point is that the court erred when it denied appellant's motion to dismiss the cases against him for excessive delay under § 545.780. The state points out correctly that appellant's point violates Rule 30.06(d) because it fails to state "wherein and why" the trial court's ruling was erroneous. The point will, therefore, be examined for plain error in accordance with Rule 29.12(b).

This court finds that, although there was error, it was not prejudicial to appellant, and no manifest injustice or miscarriage of justice resulted.

**2.** Sections 545.780.1 and 545.780.2 read as follows:

"1. The arraignment of a defendant charged in an information or indictment with the commission of an offense shall be held within ten days

■■ Generally, § 545.780 requires that defendants be arraigned within ten days of being charged and tried within 180 days of the arraignment if defendants plead not guilty.[2] Defendants must move to dismiss before trial in order to assert this right. § 545.780.5. The trial court may dismiss the cause with or without prejudice if defendant can show the state occasioned the excessive delay. § 545.780.5. *State v. Richmond*, 611 S.W.2d 351, 355 (Mo.App. 1980). Defendant does not have to show he was prejudiced by the delay, but the trial court may consider prejudice in determining whether to dismiss. *State v. Richmond, supra* at 355.

Section 545.780.4 provides for a special time limit in the situation of a retrial after a mistrial:

"If a defendant is to be tried again following a declaration by the trial judge of a mistrial ... the new trial shall commence within 60 days from the order of the judge declaring a mistrial ..., except that the court retrying the case may extend the period for retrial not to exceed one hundred and eighty days from the date of the order ...."

Section 545.780.5 provides for situations where the case is dismissed without prejudice:

"5. ... If the charge was *dismissed by the court without prejudice* and thereafter a charge is filed against the defendant for the same offense *or an offense required to be joined* with that offense, the time elapsed between the date the original charge was dismissed to the date the subsequent charge was filed shall be included for purposes of computation of the allowable time to arraign the defendant and commence the trial." [Emphasis added.]

Two issues are raised by appellant's first point. First, does the order of nolle prose-

from the filing of the information or the making public of the indictment.
2. When the plea of not guilty is entered at an arraignment the trial shall commence within one hundred eighty days of arraignment."

qui entered by the state on the charge of possession of burglary tools have the same effect as a dismissal without prejudice for purposes of § 545.780.5? Second, if the trial court erred in failing to grant appellant's motion to dismiss the possession of burglary tools count, was it also error to deny the motion to dismiss the tampering and stealing counts?

The order of nolle prosequi was the same as a dismissal without prejudice for the purposes of § 545.780.5. Therefore, it was error to deny the motion to dismiss the possession of burglary tools count. However, the offenses of tampering with a motor vehicle and stealing over $50 were not required to be joined with the possession of burglary tools offense. Therefore, because the jury found appellant not guilty of possession of burglary tools, no prejudice resulted from the error.

Appellant assumed in his brief that an order of nolle prosequi was the same as a dismissal by the court without prejudice. The state disagreed and assumed that the filing of an order of nolle prosequi terminates the cause completely so that the first indictment or information and all the proceedings related to it are not counted in computing the permissible delay under § 545.780. Neither party cites any authority for his position other than the words of the statute. Research has not disclosed any Missouri case on the question.

A nolle prosequi is a discretionary right of the prosecution to cease prosecution of a cause at any time. *State v. Berry*, 298 S.W.2d 429, 431[3–5] (Mo.1957); *State ex rel. Griffin v. Smith*, 363 Mo. 1235, 258 S.W.2d 590, 593–594 (1953); *State v. Lonon*, 331 Mo. 591, 56 S.W.2d 378, 380–381 (1932); *State v. Nicolosi*, 588 S.W.2d 152, 155–156 (Mo.App.1979). The charge is dismissed and the accused is free to go. *State v. Lonon, supra. See State v. Hoopes*, 534 S.W.2d 26, 34[4] (Mo. banc 1976). The charge may be brought again as long as the accused's double jeopardy rights have not attached so as to bar reprosecution. *State v. Berry, supra.* 3 Wharton, Criminal Procedure, § 518 (12th Ed. 1975).

The filing of a nolle prosequi therefore results in a dismissal, and, as in this case, the dismissal is without prejudice if the accused's double jeopardy rights do not bar reprosecution. The quoted language in § 545.780.5 therefore should be applicable to this situation and the time should start at the time of the filing of the nolle prosequi. To hold otherwise would make the statute a nullity. To hold otherwise would permit the state to file a nolle prosequi and start all over again time after time whenever the 180 day limit approached.

The nolle prosequi filed in the instant case resulted in a dismissal and that dismissal was without prejudice because the reprosecution was not barred by appellant's double jeopardy rights. The time between the filing of the nolle prosequi and the second arraignment and trial must be counted for the purposes of computing the permissible delay on the possession of burglary tools charge. The time from the April 10, 1979 nolle prosequi filing to the July 23, 1980 trial clearly exceeded either the 60 or 180 day time limit.

The state's filing of the nolle prosequi after the mistrial and then waiting nine months to rearraign establishes that the state caused a sufficient amount of the delay. Appellant, however, was acquitted of the possession of burglary tools charge. Appellant, therefore, was not prejudiced by the trial court's failure to dismiss the burglary tools charge. *State v. Coles*, 604 S.W.2d 21, 23[2] (Mo.App.1980).

Was it error to deny the motion to dismiss the tampering and stealing charges? No, because appellant was arraigned on these additional charges for the first time on January 30, 1980, and tried beginning on July 23, 1980, within the 180 day limit prescribed by § 545.780.2.

Appellant asserts that the time from the filing of the nolle prosequi should also be included in computing the permissible delay for the other two charges because, he claims, they are "offenses required to be joined," and under § 545.780.5, the additional time is included for the prosecution

of such offenses. No rule requires joinder. *See* Rule 23.05. Appellant claims, though, that under the doctrine of collateral estoppel the state would have been precluded from bringing the other two charges if appellant had been acquitted of the burglary tools charge in the first trial. The charges were therefore, he argues, required to be joined.

Little need be said regarding appellant's argument. Appellant has provided no record of the first trial, and even if he had, there would have been no finding of fact by the jury to consider. A mistrial was declared because of a hung jury.

■ If appellant had been convicted in the first trial the doctrine of collateral estoppel would not have barred the second trial on the tampering and stealing charges. *State v. Smith*, 491 S.W.2d 257, 258 (Mo. 1973), *cert. denied*, 414 U.S. 1031, 94 S.Ct. 460, 38 L.Ed.2d 322 (1973); *State v. Moton*, 476 S.W.2d 785, 790[5] (Mo.1972). Collateral estoppel only operates as a bar if there is an acquittal in the prior trial. Because there was no factual determination in the first trial collateral estoppel would require joinder only if the record had required appellant to be acquitted of the burglary tools charge as a matter of law. The lack of an adequate record makes such a determination impossible.

Appellant cites *State v. Lewis*, 599 S.W.2d 94 (Mo.App.1980) to support his collateral estoppel argument, but that case does not hold that charges of possession of burglary tools and burglary or, in the case under review, tampering with an automobile and stealing, are required to be joined.

■ Because the charges were not required to be joined the additional time should not be included in the computation for the permissible delay in trying the tampering and stealing charges. The trial court, therefore, did not err in refusing to dismiss the charges of tampering with a motor vehicle and stealing property valued at more than $50.

The trial court also did not err in refusing to permit defense counsel to elicit testimony from the arresting officer on cross-examination concerning what appellant said at the time of the arrest.

At the trial defense counsel asked the arresting officer if appellant had told the officer at the time of the arrest that he bought the radios. The prosecution objected, asserting that such testimony was hearsay. The court sustained the objection.

■ Such evidence is clearly inadmissible hearsay. *State v. O'Neal*, 436 S.W.2d 241, 244[2] (Mo.1968); *State v. Brown*, 312 S.W.2d 818, 822[8, 9] (Mo.1958); *State v. Sempsrott*, 587 S.W.2d 630, 634[6–9] (Mo. App.1979).

Appellant asserts in his brief that defense counsel made an offer of proof that the officer would say that appellant said he bought the radios thinking that they were stolen. Appellant argues the statements would, therefore, be admissible as statements against interest.

■ No such offer of proof exists in the record. Defense counsel told the trial court that the officer would testify that appellant told the officer that he bought the radios. The element of thinking them to be stolen, necessary for the crime of receiving stolen goods, § 560.270, RSMo 1969, was missing. The offer of proof, therefore, did not establish a statement against interest, and the trial court properly excluded the hearsay testimony.

Last, appellant contends the trial court erred in permitting the prosecutor to read to the jury evidence of appellant's prior convictions for receiving stolen goods and breaking and entering with the intent to commit petit larceny. Admission of this evidence was not error.

During the state's case in chief, the prosecution admitted into evidence and read to the jury evidence of appellant's conviction in North Carolina for receiving stolen goods and his conviction in Florida for breaking and entering with intent to commit a misdemeanor to-wit: petit larceny. Appellant did not testify. At the prosecution's request the court submitted Instruction No. 14, a proper variant of MAI–CR 2d 3.60, to

the jury.[3] This instruction directed the jury to consider the evidence of prior crimes solely for the purpose of establishing appellant's burglarious intent on the possession of burglary tools count.

 Although generally not admissible, proof of other crimes is admissible to establish intent. *State v. Wing*, 455 S.W.2d 457, 464[11, 12] (Mo.1970), *cert. denied*, 400 U.S. 1009, 91 S.Ct. 566, 27 L.Ed.2d 621 (1971); *State v. Crane*, 559 S.W.2d 294, 296[1] (Mo.App.1977). Whether these particular crimes logically tend to prove burglarious intent is irrelevant because Instruction No. 14 limited consideration of these crimes to the issue of the intent element of the possession charge. Appellant was acquitted of that charge. The evidence of the prior crimes, therefore, did not affect the jury's consideration of the two charges appealed.

Appellant asserts the instruction was insufficient to prevent prejudice. The instruction is the proper variant of MAI–CR 2d 3.60. As such the instruction is the exclusive and sufficient one the court must use. Rule 28.02(c). This court cannot declare a MAI–CR 2d instruction erroneous or inadequate. *State v. Hampton*, 607 S.W.2d 225, 227[6] (Mo.App.1980); *State v. Grady*, 577 S.W.2d 930, 931[1, 2] (Mo.App. 1979). Appellant's last point is ruled against him.

The judgment is affirmed.

REINHARD, P. J., and CRIST, J., concur.

---

**3.** Instruction No. 14 reads as follows:

"If you find and believe from the evidence that the defendant was convicted of offenses other than the one for which he is now on trial, you may consider that evidence on the issue of intent of the defendant as submitted in Instruction No. 5 [the verdict directing instruction on the possession of burglary tools charge]. You may not consider such evidence for any other purpose."