The majority concludes that Thomas Wayne Spears is not entitled to a writ of mandamus to review the order of the trial judge denying his motion for a new trial, under Rule 15.4, Ala.R.Cr.P., on the question whether the indictment should be dismissed on double jeopardy grounds.
I believe that the majority errs for at least two reasons:
 (1) Granting the petition would result in a more speedy, inexpensive determination of the merits of the claim. Rule 1, Ala.R.Cr.P., and Rule 1, Ala.R.App.P.; and
 (2) This Court, by using its supervisory power, has previously reviewed an interlocutory order that denied a motion to dismiss a charge based on a claim of double jeopardy, and I think it should follow that same procedure here.
 This Court's Procedural Rules Require This Court To Review the Petitioner's Claim of Double Jeopardy
Rule 1.2, Ala.R.Cr.P., states that "[the Rules of Criminal Procedure] are intended to provide for the just and speedy determination of every criminal proceeding," and provides that "[t]hey shall be construed to secure simplicity in procedure, fairness in administration, and the elimination of unnecessary delay and expense, and to protect the rights of the individual while preserving the public welfare." Rule 1, Ala.R.App.P., provides, similarly, that the Rules of Appellate Procedure "shall be construed so as to assure the just, speedy and inexpensive determination of every appellate proceeding on its merits."
Although I recognize that this Court, in adopting the Rules of Criminal Procedure and the Rules of Appellate Procedure, did not intend to set aside all the rules of appellate practice that had governed this Court's use of its supervisory power, it appears to me that this Court, by adopting Rule 1.2, Ala.R.Cr.P., and Rule 1, Ala.R.App.P., intended that decisions on procedural matters, both in the trial court and in the appellate courts, should be based on considerations of what would be the least time-consuming, the least expensive, and the most just.
If we applied those principles of procedural law to the facts of this case, we would not wait to see if Spears is convicted and then review his double jeopardy claim on an appeal from his conviction. We would, clearly, review his constitutional claim now, because the trial court has already convened a jury to determine some factual issues, as it was permitted to do under the provisions of Rule 15.4,[3] and we have before us a record of the proceedings in regard to those issues. Consequently, we have all that we need to decide the constitutional issue of double jeopardy that Spears raised in the trial court and before the Court of Criminal Appeals in his petition for the writ of mandamus.
Although I recognize that a supervisory writ should not be substituted for an appeal, I believe we should construe our Rules of Criminal Procedure and Rules of Appellate Procedure to permit criminal defendants, like Spears, who seek to present only a legal issue and who can present an adequate record, to use the extraordinary writ process to get review of trial court proceedings without having to wait for the conclusion of the case in the trial court. We provide for such a review in civil cases by permitting an appeal of an interlocutory order. See Rule 5, Ala.R.App.P., "Appeal *Page 1260 
by Permission." In interlocutory appeals in civil cases, there is no requirement that the petitioner meet the stringent requirements of extraordinary writ practice of showing a clear, legal right to the relief sought and showing that the issue cannot be presented on appeal.
I think that the majority is applying the old standard to this case, and has not considered the requirements of Rule 1.2, Ala.R.Cr.P., and Rule 1, Ala.R.App.P.
 This Court Has Previously Granted Extraordinary Relief To Review a Double Jeopardy Claim
In Grady v. Corbin, 495 U.S. 508, 110 S.Ct. 2084,109 L.Ed.2d 548 (1990), the petitioner was permitted, in a State court, to raise his double jeopardy claim by use of an extraordinary writ, and this Court, in Ex parte Coleman, 584 So.2d 455 (Ala. 1991), on a petition for a writ of prohibition, reviewed a criminal defendant's double jeopardy claim. The report of the case does not show whether the State challenged the petitioner's right to review the interlocutory order in that case, but, to me, it would seem that whether the State raised such an issue would make no difference.
In Abney v. United States, 431 U.S. 651, 97 S.Ct. 2034,52 L.Ed.2d 651 (1977), the United States Supreme Court held that an interlocutory appeal can be taken from a pretrial order rejecting a claim of former jeopardy. The Court, in an opinion by Chief Justice Burger considering the interests protected by the Double Jeopardy Clause, said:
 "Finally, the rights conferred on a criminal accused by the Double Jeopardy Clause would be significantly undermined if appellate review of double jeopardy claims were postponed until after conviction and sentence. To be sure, the Double Jeopardy Clause protects an individual against being twice convicted for the same crime, and that aspect of the right can be fully vindicated on an appeal following final judgment, as the Government suggests. However, this Court has long recognized that the Double Jeopardy Clause protects an individual against more than being subjected to double punishments. It is a guarantee against being twice put to trial for the same offense.
 " ' "The Constitution of the United States, in the Fifth Amendment, declares, 'nor shall any person be subject [for the same offense] to be twice put in jeopardy of life or limb.' The prohibition is not against being twice punished, but against being twice put in jeopardy. . . ." The "twice put in jeopardy" language of the Constitution thus relates to a potential, i.e., the risk that an accused for a second time will be convicted of the "same offense" for which he was initially tried.' Price v. Georgia, 398 U.S. 323, 326, 26 L.Ed.2d 300, 90 S.Ct. 1757, 1759
(1970).
 "See also United States v. Jorn, 400 U.S. 470, 479, 27 L.Ed.2d 543, 91 S.Ct. 547, 554 (1971); Green v. United States, 355 U.S. 184, 187-88, 2 L.Ed.2d 199, 78 S.Ct. 221, 223 (1957); United States v. Ball, 163 U.S. 662, 669[,] 41 L.Ed 300, 16 S.Ct. 1192
[1194] (1896). Because of this focus on the 'risk' of conviction, the guarantee against double jeopardy assures an individual that, among other things, he will not be forced, with certain exceptions, to endure the personal strain, public embarrassment, and expense of a criminal trial more than once for the same offense. It thus protects interests wholly unrelated to the propriety of any subsequent conviction. Mr. Justice Black aptly described the purpose of the Clause:
 " 'The underlying idea, one that is deeply ingrained in at least the Anglo-American system of jurisprudence, is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty.' Green, supra, 355 U.S. [184] at 187-88, 2 L.Ed.2d 199, 78 S.Ct. 221, 223. *Page 1261 
 "Accord, Breed v. Jones, 421 U.S. 519, 529-30, 44 L.Ed.2d 346, 95 S.Ct. 1779, 1785-1786 (1975); Serfass v. United States, 420 U.S. 377, 387-88, 43 L.Ed.2d 265, 95 S.Ct. 1055, 1061-1062 (1975); Jorn, supra, 400 U.S. at 479, 27 L.Ed.2d 543, 91 S.Ct. at 554. Obviously, these aspects of the guarantee's protections would be lost if the accused were forced to 'run the gauntlet' a second time before an appeal could be taken; even if the accused is acquitted, or, if convicted, has his conviction ultimately reversed on double jeopardy grounds, he has still been forced to endure a trial that the Double Jeopardy Clause was designed to prohibit. Consequently, if a criminal defendant is to avoid exposure to double jeopardy and thereby enjoy the full protection of the Clause, his double jeopardy challenge to the indictment must be reviewable before that subsequent exposure occurs.
 "We therefore hold that pretrial orders rejecting claims of former jeopardy, such as that presently before us, constitute 'final decisions' and thus satisfy the jurisdictional prerequisites of [28 U.S.C.] § 1291."
431 U.S. at 660-62, 97 S.Ct. at 2040-42, 52 L.Ed.2d at 660-62
(emphasis in original) (footnotes omitted). In this case, this Court's holding, that an adequate remedy is afforded by a direct appeal from a conviction, is in irreconcilable conflict with the interest protected by the Double Jeopardy Clause and recognized in Abney. The remedy by appeal is in reality no remedy at all, since it still forces the defendant "to endure a trial that the Double Jeopardy Clause was designed to prohibit." 431 U.S. at 662, 97 S.Ct. at 2041. Therefore, a pretrial petition for a writ of mandamus is the only means available through which a defendant's rights under the Double Jeopardy Clause can be protected, because the remedy by appeal is inadequate to prevent undue injury; therefore, the well-established test as to whether the writ of mandamus will be issued has been met.
Moreover, the use of an extraordinary writ to review a double jeopardy claim before trial is no novelty in state court practice. See, Harris v. Washington, 404 U.S. 55, 92 S.Ct. 183,30 L.Ed.2d 212 (1971); Grady v. Corbin, 495 U.S. 508,110 S.Ct. 2084, 109 L.Ed.2d 548 (1990).
It is a matter of legitimate concern that a remedy by petition for writ of mandamus may be abused by defendants. Plainly, a defendant should not be permitted to obtain a dilatory continuance of his trial simply by filing a frivolous double jeopardy claim and appealing its denial. However, as theAbney Court pointed out, "It is well within the supervisory powers of the courts of appeals to establish summary procedures and calendars to weed out frivolous claims of former jeopardy."431 U.S. at 663 n. 8, 97 S.Ct. at 2042 n. 8, 52 L.Ed.2d at 662
n. 8.
In this regard, the procedure utilized by the Eleventh Circuit Court of Appeals is instructive. See, United States v.Farmer, 923 F.2d 1557 (11th Cir. 1991). Under that procedure, if the trial court makes a written finding that the double jeopardy claim is frivolous or dilatory, the trial court is not divested of jurisdiction when the defendant appeals the denial of his double jeopardy challenge, and the trial can proceed.Id. at 1565. If the trial court makes no such finding, the trial is stayed pending the outcome of the interlocutory appeal. Id. If a trial court does make such a finding, the defendant's interests are still protected, because he can request an appellate stay of the retrial. Id. The appellate court will rule on the district court's written finding by ruling on the request for a stay. Id. See also, United Statesv. Dunbar, 611 F.2d 985 (5th Cir. 1980), wherein the old Fifth Circuit Court of Appeals had adopted an identical procedure.
Spears presents a substantial question of constitutional law in his petition, but I do not address his claim on the merits. Even if the majority agreed to consider the merits of his case, he might not get the relief he seeks. The petitioner in Exparte Coleman did not get the relief he sought, but he at least got the legal issue settled before he was tried. To require Spears to go to trial without a resolution of his constitutional claim seems to violate the governing *Page 1262 
spirit of the rules. I must, therefore, respectfully disagree with my colleagues.
I suggest, in closing, that we at least should consider amending Rule 5, Ala.R.App.P., to permit appeals by permission in criminal cases where substantial issues of law are presented, as they are in this case, and where a quick appellate resolution of those issues could materially speed up the final disposition of the case.
[3] Rule 15.4 provides:
"(a) Determination of Motions. A motion raising defenses or objections made before trial pursuant to this rule shall be determined before trial, unless the court for good cause orders that it be deferred for determination at the trial on the merits.
"(b) Jury Trial. Unless a jury trial of an issue of fact raised by the motion is waived, such issue shall be tried by a jury if a jury trial is constitutionally required.
"(c) Court Trial. All other issues of fact raised by the motion shall be determined by the court without a jury in such manner as the court may direct."