No. 76–5283.   THOMPSON v. OKLAHOMA.   Ct. Crim. App. Okla.   Certiorari denied.

MR. JUSTICE BRENNAN, with whom MR. JUSTICE MARSHALL joins, dissenting.

Petitioner was charged by information in an Oklahoma state court with murder.   After a jury trial, he was convicted of manslaughter in the first degree.   Thereafter, petitioner was charged in separate informations with two additional offenses arising out of the same episode: burglary in the first degree and carrying firearms.   He pleaded guilty to these offenses and was sentenced to additional concurrent terms of 10 years' imprisonment for each offense.   Petitioner then made an application for post-conviction relief in the State District Court attacking the latter two convictions on grounds of collateral estoppel and double jeopardy.   The District Court denied the application, and the Oklahoma Court of Criminal Appeals affirmed.

I would grant the petition for certiorari and reverse the judgment of the Court of Criminal Appeals affirming the

1054

burglary and firearm convictions. I adhere to the view that the Double Jeopardy Clause of the Fifth Amendment, applied to the States through the Fourteenth Amendment, requires the prosecution in one proceeding, except in extremely limited circumstances not present here, of "all the charges against a defendant that grow out of a single criminal act, occurrence, episode, or transaction." *Ashe* v. *Swenson,* 397 U. S. 436, 453–454 (1970) (BRENNAN, J., concurring). See *Cousins* v. *Maryland, ante,* p. 1027 (BRENNAN, J., dissenting); *Dempsey* v. *United States,* 423 U. S. 1079 (1976) (BRENNAN, J., dissenting); *Susi* v. *Flowers,* 423 U. S. 1006 (1975) (BRENNAN, J., dissenting); *Vardas* v. *Texas,* 423 U. S. 904 (1975) (BRENNAN, J., dissenting); *Stewart* v. *Iowa,* 423 U. S. 902 (1975) (BRENNAN, J., dissenting); *Waugh* v. *Gray,* 422 U. S. 1027 (1975) (BRENNAN, J., dissenting); *Wells* v. *Missouri,* 419 U. S. 1075 (1974) (BRENNAN, J., dissenting); *Moton* v. *Swenson,* 417 U. S. 957 (1974) (BRENNAN, J., dissenting); *Tijerina* v. *New Mexico,* 417 U. S. 956 (1974) (BRENNAN, J., dissenting); *Ciuzio* v. *United States,* 416 U. S. 995 (1974) (BRENNAN, J., dissenting); *Harris* v. *Washington,* 404 U. S. 55, 57 (1971) (concurring statement); *Waller* v. *Florida,* 397 U. S. 387, 395 (1970) (BRENNAN, J., concurring). See also *People* v. *White,* 390 Mich. 245, 212 N. W. 2d 222 (1973); *State* v. *Brown,* 262 Ore. 442, 497 P. 2d 1191 (1972); *Commonwealth* v. *Campana,* 452 Pa. 233, 304 A. 2d 432, vacated and remanded, 414 U. S. 808 (1973), adhered to on remand, 455 Pa. 622, 314 A. 2d 854 (1974); *State* v. *Gregory,* 66 N. J. 510, 333 A. 2d 257 (1975).