No. 76–6743. CULP *v.* UNITED STATES. C. A. 8th Cir. Certiorari denied.

MR. JUSTICE BRENNAN, with whom MR. JUSTICE MARSHALL joins, dissenting.

After a jury trial in 1972 in the United States District Court for the District of Nebraska, petitioner was convicted of forcibly breaking into a post office with intent to commit larceny. The proof at trial showed that postal money orders identified by serial number and a postal marking stamp containing the legend "Lincoln, Nebraska Station No. 5" were missing and taken in the crime of which petitioner was convicted. Previously, petitioner had been indicted in the Southern District of Florida on charges of receiving property stolen from the post office, passing forged postal money orders, and conspiracy to commit those offenses. The Florida indictment listed as overt acts the unlawful receipt, concealment, and retention of postal money orders with serial numbers identical to those involved in the Nebraska case as well as possession of the Lincoln, Neb., postal marking stamp. Guilty pleas were entered to this indictment and petitioner was sentenced to consecutive terms totaling 10 years on October 19, 1971. The convictions in both Nebraska and Florida were upheld on appeal and certiorari was denied.

Thereafter, petitioner moved the Nebraska court pursuant to 28 U. S. C. § 2255 to vacate the Nebraska conviction. In support of this motion it was argued that Congress did not intend to punish a person who steals from a post office for both the act of larceny and the subsequent receipt and posses-

sion of the property stolen. Cf. *Milanovich* v. *United States,* 365 U. S. 551 (1961). In addition, petitioner took the position that the Double Jeopardy Clause required the Nebraska conviction to be set aside. The District Court rejected both contentions and the Court of Appeals affirmed without opinion. 558 F. 2d 1035 (CA8 1977).

I would grant the petition for certiorari and reverse the judgment of the United States Court of Appeals for the Eighth Circuit. I adhere to the view that the Double Jeopardy Clause of the Fifth Amendment requires the prosecution in one proceeding, except in extremely limited circumstances not present here, of "all the charges against a defendant that grow out of a single criminal act, occurrence, episode, or transaction." *Ashe* v. *Swenson,* 397 U. S. 436, 453–454 (1970) (BRENNAN, J., concurring). See *Thompson* v. *Oklahoma,* 429 U. S. 1053 (1977) (BRENNAN, J., dissenting from denial of certiorari), and cases collected therein.