No. 76–6981. BUTLER *v.* FOGG, CORRECTIONAL SUPERINTENDENT. C. A. 2d Cir. Certiorari denied.

MR. JUSTICE BRENNAN, with whom MR. JUSTICE MARSHALL joins, dissenting.

Petitioner was charged by information in New York State court in Suffolk County with the criminal possession of stolen property. He pleaded guilty and was sentenced to one year in county jail. Thereafter, he was indicted in New York State court in Nassau County and charged with burglary arising out of the same episode. Over his objection that this indictment violated the Double Jeopardy Clause, petitioner was convicted after a jury trial and sentenced to an indetermi-

nate sentence not to exceed five years. The burglary conviction was affirmed on direct appeal by the Appellate Division of the New York Supreme Court, *People* v. *Butler,* 44 App. Div. 2d 423, 355 N. Y. S. 2d 172 (1974), and the New York Court of Appeals, 36 N. Y. 2d 990, 337 N. E. 2d 120 (1975). The Federal District Court subsequently denied petitioner habeas corpus relief, *Butler* v. *Bombard,* No. 76 C 1126 (EDNY Dec. 8, 1976), and the Court of Appeals for the Second Circuit affirmed, 556 F. 2d 554 (1977).

I would grant the petition for certiorari and reverse the judgment of the Second Circuit. Obviously the two New York counties are not separate sovereigns for double jeopardy purposes. See *Waller* v. *Florida,* 397 U. S. 387 (1970). I adhere to the view that the Double Jeopardy Clause of the Fifth Amendment, applied to the States through the Fourteenth Amendment, requires the prosecution in one proceeding, except in extremely limited circumstances not present here, of "all the charges against a defendant that grow out of a single criminal act, occurrence, episode, or transaction." *Ashe* v. *Swenson,* 397 U. S. 436, 453–454 (1970) (BRENNAN, J., concurring). See *Thompson* v. *Oklahoma,* 429 U. S. 1053 (1977) (BRENNAN, J., dissenting from denial of certiorari), and cases collected therein.