No. 78–5177. HARRIS v. OKLAHOMA. Ct. Crim. App. Okla Certiorari denied.

MR. JUSTICE BRENNAN, with whom MR. JUSTICE MARSHALL joins, dissenting.

In 1971 a grocery store clerk in Tulsa, Okla., was shot and killed during the course of a robbery of the store. Petitioner has undergone two separate trials based on two separate

charges arising out of this event. Petitioner was convicted of armed robbery in the District Court of Tulsa County, Case No. CRF–73–228, on July 19, 1973. On November 21, 1973, petitioner was convicted in a second trial of the crime of felony murder, the armed robbery providing an essential element of the crime. Case No. CRF–73–227. Claiming that his rights under the Double Jeopardy Clause of the Fifth Amendment had been violated, petitioner sought postconviction relief in the District Court of Tulsa County, Okla. This relief was denied.

Petitioner then appealed to the Oklahoma Court of Criminal Appeals, which ordered petitioner's conviction for felony murder vacated because of the Double Jeopardy Clause. The Court stated:

> "This order is made without prejudice to the trial of the said Floyd Harris on any charge of homicide which the facts and justice may warrant, not inconsistent with the views expressed by the Supreme Court of the United States in *Brown* v. *Ohio,* 432 U. S. 161, . . . and *Harris* v. *Oklahoma,* [433 U. S. 682]." Order Reversing Denial of Post-Conviction Relief, No. PC–78–93 (June 5, 1978).

Petitioner subsequently filed with the Oklahoma Court of Criminal Appeals an application entitled Writ of Habeas Corpus or alternatively, Petition for Rehearing *sua sponte,* alleging that the court's order in No. PC–78–93 was erroneous because in contravention of *Harris* v. *Oklahoma,* 433 U. S. 682 (1977). The court denied petitioner's application, stating:

> "As petitioner's trial on the charge of Murder in the First Degree is barred solely because the armed robbery for which he was previously convicted is a necessary element of the murder conviction, the holding of *Harris* v. *Oklahoma* . . . does not prevent petitioner's trial on a lesser degree of homicide which does not require proof of the armed robbery as a necessary element." Order Denying Relief, No. H–78–322 (July 25, 1978).

The order of the Oklahoma Court of Criminal Appeals would permit petitioner to be tried on charges arising out of the same criminal transaction as that underlying petitioner's conviction for armed robbery. Because I continue to adhere to my view, expressed in *Harris* v. *Oklahoma, supra,* at 683 (concurring opinion), that the Double Jeopardy Clause of the Fifth Amendment, applied to the States through the Fourteenth Amendment, requires the prosecution in one proceeding, except in extremely limited circumstances not present here, of "all the charges against a defendant that grow out of a single criminal act, occurrence, episode, or transaction," *Ashe* v. *Swenson,* 397 U. S. 436, 453–454 (1970) (BRENNAN, J., concurring), I would grant the petition for certiorari and reverse the judgment of the Oklahoma Court of Criminal Appeals in No. H–78–322. See *Thompson* v. *Oklahoma,* 429 U. S. 1053 (1977) (BRENNAN, J., dissenting), and cases collected therein.