No. 80–5161. JOHNSON v. OKLAHOMA. Ct. Crim. App. Okla. Certiorari denied.

JUSTICE BRENNAN, with whom JUSTICE MARSHALL joins, dissenting.

Petitioner was charged by information on April 1, 1975, in the District Court of Tulsa County, Okla., with the crime of kidnaping for the purpose of extortion. On April 16, 1975, he was charged in the District Court of Osage County, Okla., with the crime of murder in the first degree arising out of the same criminal episode. Following preliminary hearings in both courts, petitioner was bound over for trial. He subsequently moved for and was granted a continuance of the murder trial pending completion of his kidnaping trial.

Petitioner was found guilty of kidnaping and sentenced to 60 years in prison. Petitioner then filed a pleading in the Osage County District Court, entitled "Petition for Writ of Habeas Corpus or Petition for Writ of Prohibition or Petition for Writ of Mandamus," alleging, *inter alia,* that a trial on the first-degree murder charge would violate his federal constitutional right against multiple trials and multiple punishments embodied in the Double Jeopardy Clause of the Fifth Amendment. Before the District Court acted on his pleading, petitioner sought similar relief from the Oklahoma Court of Criminal Appeals, which was denied. The District Court later denied the requested relief.

Petitioner next filed in Osage County District Court a "Plea

of Former Jeopardy," urging that his kidnaping conviction barred the murder trial on the ground that the two crimes were not separate and distinct offenses. He also moved to strike all references to the kidnaping in the Osage County information. Although the plea and the motion were denied by the District Court, the Court of Criminal Appeals, upon application by petitioner for a writ of mandamus, vacated the trial court's ruling, holding that the plea and motion should have been granted. The court noted, however, that the kidnaping conviction would not prohibit a subsequent prosecution for second-degree murder. Contending that a second-degree murder trial was also barred, petitioner sought a rehearing and a writ of prohibition. The Court of Criminal Appeals, after vacating its previous opinion prohibiting a trial on first-degree murder but allowing a trial on second-degree murder, denied all of petitioner's requests for relief. *Johnson* v. *Hampton,* 572 P. 2d 1301 (1978).

On petition for certiorari, this Court granted certiorari, vacated the Court of Criminal Appeals decision, and remanded the case for further consideration in light of *Brown* v. *Ohio,* 432 U. S. 161 (1977), and *Harris* v. *Oklahoma,* 433 U. S. 682 (1977). *Johnson* v. *Hampton,* 434 U. S. 947 (1977). On remand, the Court of Criminal Appeals granted a writ of prohibition against a trial for first-degree murder. The information was subsequently amended to charge second-degree murder, and to strike all references to the kidnaping. Petitioner again sought a writ of prohibition from the Court of Criminal Appeals, alleging, *inter alia,* that the trial would violate the Double Jeopardy Clause. The court declined to assume jurisdiction and dismissed the writ. Petitioner then was tried and convicted of second-degree murder, and sentenced to 10 years to life. On appeal, the Court of Criminal Appeals affirmed. 611 P. 2d 1137 (1980).

I would grant the petition for certiorari and reverse the judgment of the Oklahoma Court of Criminal Appeals. I

adhere to the view that the Double Jeopardy Clause of the Fifth Amendment, applied to the States through the Fourteenth Amendment, requires the prosecution in one proceeding, except in extremely limited circumstances not present here, of "all the charges against a defendant that grow out of a single criminal act, occurrence, episode, or transaction." *Ashe* v. *Swenson,* 397 U. S. 436, 453–454 (1970) (BRENNAN, J., concurring). See *Thompson* v. *Oklahoma,* 429 U. S. 1053 (1977) (BRENNAN, J., dissenting), and cases collected therein.*

---

*Respondent argues that petitioner waived his double jeopardy claim in the proceedings below. Respondent's arguments are meritless.