No. 82–5109. RIVERA *v.* OHIO. Ct. App. Ohio, Cuyahoga County. Certiorari denied.

JUSTICE BRENNAN, with whom JUSTICE MARSHALL joins, dissenting.

Petitioner was arrested on August 13, 1980, after one Francis J. Kelley reported that petitioner had taken his motorcycle from him at knife point earlier that day, along with title to the motorcycle and some cash. On August 26, two weeks later, a Cuyahoga County grand jury handed down a one-count indictment charging petitioner with receiving stolen property. Petitioner appeared on the following September 26, pleaded guilty to the charge, and received a sentence. Then, on October 7, the grand jury returned a second indictment that charged petitioner with receiving stolen property, aggravated robbery, and intimidating a witness. The receiving and aggravated robbery counts were based upon the same theft of Mr. Kelley's belongings for which petitioner had already been convicted. Petitioner moved to dismiss the second indictment on the ground that it violated the Double Jeopardy Clause of the Fifth Amendment as applied to the States under the Fourteenth Amendment. The trial court dismissed the receiving count in the second indictment at the State's request, but overruled petitioner's motion to dismiss the remaining counts.

Petitioner took an interlocutory appeal. With one judge dissenting, the Ohio Court of Appeals, Eighth District, affirmed the trial court's ruling. It held:

958

"The intimidation and aggravated robbery charges raise no double jeopardy issue. . . . [T]he aggravated robbery count implicates not a duplicate, but an allied offense. . . .

"The allied offense issue will arise only if the defendant is found guilty of aggravated robbery. He may be tried, but cannot be convicted, for both the aggravated robbery and for receiving the stolen property acquired in the theft offense, *Maumee* v. *Geiger* (1976), 45 Ohio St. 2d 238, 244. Accordingly, the error assigned is without merit." App. to Pet. for Cert. 17–18.

The Ohio Supreme Court overruled petitioner's motion for leave to appeal, and this petition followed.

We have jurisdiction to review final judgments by state courts denying a defendant's pretrial motion to dismiss an indictment on former jeopardy grounds. *Harris* v. *Washington*, 404 U. S. 55, 56 (1971); see *Abney* v. *United States*, 431 U. S. 651, 656–661 (1977). I would grant the petition for certiorari and set the case for oral argument. The Double Jeopardy Clause prohibits "a second prosecution for the same offense after conviction," *North Carolina* v. *Pearce*, 395 U. S. 711, 717 (1969), and I adhere to the view that this prohibition requires States to prosecute in one proceeding "all the charges against a defendant that grow out of a single criminal act, occurrence, episode, or transaction." *Ashe* v. *Swenson*, 397 U. S. 436, 453–454 (1970) (BRENNAN, J., concurring); see *Brooks* v. *Oklahoma*, 456 U. S. 999 (1982) (BRENNAN, J., dissenting from denial of certiorari); *Thompson* v. *Oklahoma*, 429 U. S. 1053 (1977) (BRENNAN, J., dissenting from denial of certiorari), and cases cited therein. Petitioner's indictment for aggravated robbery manifestly arose from the selfsame criminal act supporting his earlier conviction for receiving stolen property. None of the exceptions discussed in my opinion in *Ashe* v. *Swenson, supra*, at 453, n. 7, and 455, n. 11, excuse the State's failure to prose-

cute petitioner in a single proceeding.[1] I therefore conclude that trying petitioner on an aggravated robbery charge after he has been convicted and sentenced on the receiving charge violates the Double Jeopardy Clause as applied to the States.[2]

In addition, any offense that requires proof of all the facts necessary to obtain a conviction for receiving is the "same offense" as receiving for purposes of the Double Jeopardy Clause. See *Illinois* v. *Vitale*, 447 U. S. 410, 416 (1980); *Brown* v. *Ohio*, 432 U. S. 161 (1977); cf. *Harris* v. *Oklahoma*, 433 U. S. 682 (1977). In Ohio, the crime of receiving stolen property is complete if a person retains or disposes of the property of another knowing or having reason to believe that it was acquired through theft. See Ohio Rev. Code Ann. § 2913.51 (1982). Aggravated robbery is defined as the use of a weapon or the infliction of harm in the course of committing, attempting, or fleeing after one of a series of "theft offenses" defined by statute, including receiving stolen goods. See §§ 2911.01, 2913.01(K). Thus, to convict petitioner of aggravated robbery in the current prosecution, the State must prove that he committed a "theft offense." As the court below implicitly recognized, petitioner cannot be retried for receiving stolen goods. See *Illinois* v. *Vitale*, *supra*. Yet, on the allegations in the indictment now outstanding, the State will be unable to prove that petitioner committed aggravated robbery without proving at the same

---

[1] Nor does the authority cited by the Ohio Court of Appeals support its holding. It stands merely for the correct proposition that the State could have prosecuted petitioner on both charges at the same time, as long as he was convicted only of one.

[2] I express no opinion as to the propriety of indicting petitioner for intimidating a witness. The intimidation charge stems from a telephone call petitioner allegedly made shortly after his arrest threatening Mr. Kelley with retribution should he cooperate with the police in prosecuting petitioner. It thus arguably relates to a criminal transaction between petitioner and Mr. Kelley separate from the theft at issue in the receiving and aggravated robbery charges.

time that he retained or disposed of Mr. Kelley's property with knowledge that it was obtained by theft.[3] Since prosecuting petitioner for aggravated robbery will therefore require the State to prove every fact necessary to convict petitioner of receiving stolen goods, a charge on which he has already been convicted, the current prosecution violates the Double Jeopardy Clause. See *Illinois* v. *Vitale, supra,* at 426–428 (STEVENS, J., dissenting).

---

[3] All but three of the "theft offenses" listed in § 2913.01(K), besides receiving stolen goods itself, are not even arguably relevant to petitioner's crime. For instance, he has not been charged with burglary, tampering with coin machines, impersonating an officer, or corrupting sports events, all of which constitute "theft offenses." The three relevant possibilities are robbery, theft, and unauthorized use. As a matter of law, the only way petitioner could have committed aggravated robbery on the basis of these crimes without also committing the crime of receiving stolen goods would be if he had merely attempted robbery, theft, or unauthorized use, without actually obtaining another's property. But there is no such attempt allegation in this case, and petitioner was in possession of some of the stolen property when he was arrested.

The situation in this case is different from that before the Court in *Illinois* v. *Vitale,* 447 U. S. 410 (1980). The Court in *Vitale* found that the State might conceivably prove the crime of reckless vehicular manslaughter without resorting to the same facts that had supported Vitale's earlier conviction for failing to reduce speed to avoid a collision, and it allowed the prosecution to proceed subject to a later double jeopardy challenge if the State in fact relied on failure to reduce speed. In this case, the State cannot conceivably convict petitioner of aggravated robbery without proving facts sufficient to obtain a conviction for receiving stolen goods.