THE STATE OF OHIO, APPELLEE, *v.* STARCHER, APPELLANT.

(No. 3620—Decided May 23, 1984.)

*Gregory A. White,* prosecuting attorney, for appellee.

*Stephen Walker,* for appellant.

QUILLIN, J. The defendant, Danny Starcher, appeals from the trial court's order overruling his motion to dismiss on double jeopardy grounds. We affirm.

Although the record is disjointed, there is no material dispute of fact. On December 21, 1983, the police executed a search warrant at premises located at 732 Idaho Avenue in Lorain, Ohio. At that time and place, Starcher was arrested and charged with receiving stolen property (auto). When Starcher was searched, marijuana was found on his person resulting in an additional charge of possession of marijuana, a minor misdemeanor. In municipal court, Starcher was found guilty and fined for the marijuana charge. On February 8, 1983, he was indicted for the receiving stolen property offense.

Starcher filed a motion to dismiss the indictment on the grounds of double jeopardy, contending that his conviction for possession of marijuana bars a second prosecution for receiving stolen property. The trial court overruled the motion, prompting this appeal.

### Assignment of Error

"The principles of double jeopardy and collateral estoppel preclude successive prosecutions arising from the same set of facts."

The Double Jeopardy Clause of the Fifth Amendment provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." The constitutional prohibition against double jeopardy has been held to consist of three separate guarantees: (1) it protects against a second prosecution for the same offense after acquittal; (2) it protects against a second prosecution for the same offense after conviction; and (3) it protects against multiple punishment for the same offense. *North Carolina* v. *Pearce* (1969), 395 U.S. 711, at 717.

The principal test for determining whether two offenses are the same or whether each is a separate offense for double jeopardy purposes is set forth in *Blockburger* v. *United States* (1932), 284 U.S. 299, at 304:

"'* * * The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not. * * *'"

If neither offense requires additional proof, an acquittal or a conviction of one offense will bar a subsequent prosecution for the other. If, however, each offense requires proof of a fact that the other does not, an acquittal or a conviction of either does not serve as a bar to the prosecution for the other. *State* v. *Best* (1975), 42 Ohio St. 2d 530 [71 O.O.2d 517].

Starcher was indicted for the offense of complicity to receive stolen property. R.C. 2913.51 provides:

"(A) No person shall receive, retain, or dispose of property of another, knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense.

"(B) Whoever violates this section is guilty of receiving stolen property, a misdemeanor of the first degree. If the value of the property involved is one hundred fifty dollars or more, or if the property involved is any of the property listed in section 2913.71 of the Revised Code, or if the offender has previously been convicted of a theft offense, receiving stolen property is a felony of the fourth degree. If the property involved is a motor vehicle, as defined in section 4501.01 of the Revised Code, receiving stolen property is a felony of the third degree."

The crime for which Starcher was convicted, and which he now claims bars prosecution for the receiving stolen property charge, is the minor misdemeanor offense of possession of marijuana. Lorain Ord. 513.03(C)(2) provides that no person shall knowingly obtain, possess, or use *cannabis sativa L.,* commonly known as marijuana.

It cannot be seriously argued that possession of marijuana and receiving stolen property are the same offense for purposes of double jeopardy. The respective elements of the two crimes are totally different. Neither crime is a lesser offense of the other, nor are the two offenses allied offenses of similar import. Even the most cursory analysis is sufficient to demonstrate beyond all doubt that the *Blockburger ·* test is satisfied.

Starcher argues, however, that even if two offenses are different under the *Blockburger* test, successive prosecutions will be barred by the principle of collateral estoppel, a concept which has been judicially integrated into the Fifth Amendment guarantee against double jeopardy. See *Ashe* v. *Swenson* (1970), 397 U.S. 436. We find this argument to be without merit. It is clear from a review of the case law applying the rule of collateral estoppel in criminal cases that collateral estoppel will preclude suc-

cessive prosecutions for separate but related offenses only in those situations where the second prosecution requires the relitigation of ultimate factual issues which have been previously resolved against the state and *in favor of the accused* in the first prosecution. The relitigation of factual issues previously resolved *against the accused* is not barred by collateral estoppel. Thus, assuming, *arguendo,* that the successive prosecutions for the offenses of possession of marijuana and receiving stolen property involve the same ultimate issues of fact, Starcher's conviction for the one offense does not preclude a subsequent prosecution for the other. Accordingly, we cannot find, under the facts and circumstances of this case, that collateral estoppel bars a prosecution on the charge of receiving stolen property.

Starcher also urges the application of the "same transaction test" which requires the state to prosecute in one proceeding all the known charges against a defendant arising out of a single criminal act, occurrence, episode, or transaction. This test, which has been repeatedly championed by Justice Brennan,[1] has been adopted by the Supreme Court of Pennsylvania in *Commonwealth* v. *Campana* (1973), 452 Pa. 233, 304 A. 2d 432, and is codified in the American Law Institute's Model Penal Code rule for joinder.[2] However, whatever the merits of the "same transaction test" may be, it has not been adopted by the United States Supreme Court, nor by the courts of this state.

Absent collateral estoppel considerations, Ohio law does not require that separate but related offenses be joined in one single prosecution. Crim. R. 8(A) provides:

"Two or more offenses *may be charged* in the same indictment, information or complaint in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character, or are based on the same act or transaction, or are based on two or more acts or transactions *connected together or constituting parts of a common scheme or plan, or are part of a course of criminal conduct.*" (Emphasis added.)

This rule has long been recognized as permissive rather than mandatory. Thus, even assuming, *arguendo,* that the two charges against defendant arose from the same course of criminal conduct, this state does not require that both offenses be tried together.

We therefore conclude that double jeopardy does not bar defendant's prosecution on the felony charge of complicity in receiving stolen property.

### Summary

The assignments of error are overruled and the trial court's order denying defendant's motion to dismiss is affirmed.

*Judgment affirmed.*

BAIRD, P.J., and GEORGE, J., concur.

---

[1] See, *e.g., Ashe* v. *Swenson, supra* (Brennan, J., concurring); *Thompson* v. *Oklahoma* (1977), 429 U.S. 1053 (Brennan, J., dissenting from denial of certiorari); and *Rivera* v. *Ohio* (1982), 459 U.S. 957 (Brennan, J., dissenting from denial of certiorari).

[2] American Law Institute Model Penal Code (1962), Section 1.07(2), 10 U.L.A. (1974) 457, provides, in part:

"* * * [A] defendant shall not be subject to separate trials for multiple offenses based on the same conduct or arising from the same criminal episode, if such offenses are known to the appropriate prosecuting officer at the time of the commencement of the first trial and are within the jurisdiction of a single court."