The STATE of Ohio, Appellee,

v.

HAGUE, Appellant.

[Cite as *State v. Hague* (1989), 61 Ohio App.3d 756.]

Court of Appeals of Ohio,
Summit County.

No. 13877.

Decided April 12, 1989.

*Philip D. Bogdanoff,* assistant prosecuting attorney, for appellee.

*Lawrence J. Whitney* and *Robert Baker,* for appellant.

Maħoney, Judge.

Appellant Dale Allen Hague appeals from the trial court's denial of his motion to dismiss on double jeopardy grounds. Because we find double

jeopardy is inapplicable to the facts before us, we affirm the decision of the trial court.

## Facts

In the early morning of May 1, 1988, Hague went to the home of Nancy and Larry Harrison. From the tragic events which occurred that morning, the Summit County Grand Jury indicted Hague as follows:

| COUNT | Revised Code Section | Offense |
|---|---|---|
| 1 | 2903.01(A) | Aggravated murder of Larry Harrison |
| | 2929.04(A)(5) | Death specification for killing or attempting to kill two or more persons |
| | 2941.141 | Firearm Specification |
| 2 | 2923.02 | Attempted Aggravated |
| | 2903.01(A) | Murder of David Cadle |
| | 2941.141 | Firearm Specification |
| | 2941.142 | Prior Aggravated Felony Specification |
| 3 | 2903.11(A)(2) | Felonious Assault of David Cadle, a peace officer |
| | 2941.141 | Firearm Specification |
| | 2941.142 | Prior Aggravated Felony Specification |
| 4 | 2903.11(A)(2) | Felonious Assault of Nancy Harrison |
| | 2941.141 | Firearm Specification |
| | 2941.142 | Prior Aggravated Felony Specification |
| 5 | 2923.13(A)(2) | Weapon Under Disability |
| | 2941.141 | Firearm Specification |
| | 2941.143(B) | Prior Offense of Violence Specification |
| 6 | 2911.11(A)(2) | Aggravated Burglary |
| | 2941.141 | Firearm Specification |
| | 2941.142 | Prior Aggravated Felony Specification |

Prior to trial, Hague entered a guilty plea to having a weapon under a disability and elected to have the prior felony specifications heard after trial. After trial, Hague was found guilty of each of the prior felony specifications relating to those charges for which the jury returned guilty verdicts.

The jury returned verdicts of guilty to both counts of felonious assault and one count of aggravated burglary. The jury also found Hague guilty of the gun specifications relating to each of these charges. The jury was unable to reach a decision on the one count of aggravated murder with the death specification and the one count of attempted aggravated murder of Cadle with the firearm specification.

Without objection from defense counsel, the court declared a mistrial. The jury was discharged without prejudice and a new trial on the counts on which the jury hung was scheduled.

Hague then filed a motion to dismiss the charge of attempted aggravated murder and the death specification. The trial court denied the motion. In this appeal Hague assigns one error.

### Assignment of Error

"In a capital murder prosecution the trial court's failure to dismiss a death specification of killing or attempting to kill two or more people and attempted aggravated murder, after a criminal defendant has been convicted of felonious assault in the same course of conduct, and the jury fails to agree on a verdict on the capital death specification and the attempted aggravated murder violates that criminal defendant's right as secured by Ohio Constitution, Article I, Section 10, and the U.S. Constitution, Amendment V, and Ohio Revised Code Section 2943.09."

Hague contends that his conviction for the felonious assault of Akron Police Officer David Cadle is a bar to his further prosecution for the attempted aggravated murder of David Cadle.[1] If retrial of the attempted aggravated murder is barred, then the state cannot prosecute him for the death specification which is the purposeful killing or attempt to kill two or more people. Hague grounds his argument in the prohibition against double jeopardy and collateral estoppel as integrated into that prohibition.

The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution provides that no person shall " * * * be subject for the same offense to be twice put in jeopardy of life and limb * * *."

Three separate guarantees are embodied in this prohibition. The accused is protected against a second prosecution for the same offense after conviction or acquittal and protected against multiple punishments for the same offense. *North Carolina v. Pearce* (1969), 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656, 664–665. In *Ashe v. Swenson* (1970), 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469, the principle of collateral estoppel as a bar to successive prosecutions was integrated into the Fifth Amendment guarantee against double jeopardy.

The Ohio Constitution includes a similar prohibition in Section 10, Article I. The legislature has codified it in R.C. 2943.09, which reads:

---

1. Officer Cadle was in his cruiser when he saw Hague lift his shotgun and point it out the car window of his own car. Hague fired. The wadding from the gun hit Cadle in the face but the slug missed him. Cadle then fired his shotgun at Hague but did not hit him. Cadle's shotgun jammed. As Hague was attempting to reload his gun, Cadle fired three shots from his service revolver through Hague's windshield. A backup officer ran up to the passenger side of Hague's car with his weapon drawn and told Hague not to move. Hague dropped his shotgun and was placed under arrest.

"When a defendant has been convicted or acquitted, or has been once in jeopardy upon an indictment or information, the conviction, acquittal, or jeopardy is a bar to *another* indictment or information for the offense charged in the former indictment or information, or for an attempt to commit the same offense, or for an offense necessarily included therein, of which he might have been convicted under the former indictment or information." (Emphasis added.)

Hague bases his argument on the erroneous assumption that felonious assault of a peace officer with a deadly weapon is a lesser included offense of attempted aggravated murder. The Ohio Supreme Court has held that:

"1. Pursuant to R.C. 2945.74 and Crim.R. 31(C), a jury may consider three groups of lesser offenses on which, when supported by the evidence at trial, it must be charged and on which it may reach a verdict: (1) attempts to commit the crime charged, if such an attempt is an offense at law; (2) inferior degrees of the indicted offense; or (3) lesser included offenses.

"2. An offense is an 'inferior degree' of the indicted offense where its elements are identical to or contained within the indicted offense, except for one or more additional mitigating elements. (R.C. 2945.74 and Crim.R. 31[C], construed.)

"3. An offense may be a lesser included offense of another if (i) the offense carries a lesser penalty than the other; (ii) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (iii) some element of the greater offense is not required to prove the commission of the lesser offense. (*State v. Kidder* [1987], 32 Ohio St. 3d 279, 513 N.E.2d 311, modified.)" *State v. Deem* (1988), 40 Ohio St.3d 205, 533 N.E.2d 294, paragraphs one through three of the syllabus.

The test for a lesser offense considers the elements and the mitigating circumstances embodied in the lesser offense. The test for a lesser included offense is in the conjunctive. To determine whether an offense is a lesser or lesser included offense, we must compare the elements of each crime.

"Attempted aggravated murder" is defined as purposely attempting, and with prior calculation and design, to cause the death of another. It is a first degree felony. "Felonious assault" is defined as knowingly causing or attempting to cause physical harm to another by means of a deadly weapon or dangerous ordnance. It is an aggravated felony of the first degree when the offense is committed against a police officer. The jury must find, as an aggravating circumstance, that Cadle was a peace officer.

■ Applying the statutory elements test to the facts, we find that felonious assault of a peace officer, as an aggravated felony of the first degree, carries a more severe penalty. Thus, it fails the first prong of the test set forth in *State v. Deem* at paragraph three of the syllabus. Second, attempted aggravated murder can be committed without the use of a deadly weapon whereas here, the subsection of felonious assault under which Hague was charged requires proof that Hague used a deadly weapon in his felonious assault of Cadle. Thus, Hague has failed to meet two prongs of the statutory elements test. Clearly, based on similar reasoning, the felonious assault of a police officer cannot be a lesser offense. See *Deem*, paragraph two of the syllabus.

We find, then, that Hague's conviction for felonious assault does not bar his second prosecution for attempted aggravated murder. It is neither a lesser offense nor lesser included offense so as to invoke the principles of double jeopardy.

Hague also asserts collateral estoppel. He contends that a second prosecution for attempted aggravated murder will require the relitigation of the same acts and factual issues already resolved in the first prosecution.

At least two insurmountable hurdles confront Hague's attempt to invoke collateral estoppel. The first hurdle is that of the hung jury.

■ Upon retiring for deliberation, the jury was confronted with five counts upon which they were required to return a verdict. Obviously they chose to first reach verdicts on the three counts about which they could unanimously agree. Failure to reach a verdict on the other counts did not terminate jeopardy. *Richardson v. United States* (1984), 468 U.S. 317, 325, 104 S.Ct. 3081, 3086, 82 L.Ed.2d 242, 250.

A retrial does not violate the statutory protections provided under R.C. 2943.09 because:

" * * * [t]he remaining charges are not negated by the acceptance of the partial verdict, but rather continue to be unresolved. As to the unresolved charges then, the declaration of a mistrial is the appropriate procedural device to allow the matter to proceed to a final judgment. The mistrial furthers the administration of justice and enables the charges to be finally answered and the prosecution to come to an end.

"Denying the trial court the power to require a retrial of the defendant when the jury has failed to reach a verdict would frequently frustrate 'the purpose of the law to protect society from those guilty of crimes.' *Wade v. Hunter* (1949), 336 U.S. 684, 689 [69 S.Ct. 834, 837, 93 L.Ed. 974, 978]. Thus, a retrial is not barred by the doctrine of double jeopardy where the jury was

found to be unable to answer the charges." *State v. Walker* (Sept. 27, 1987), Summit App. No. 13172, unreported, 1987 WL 17921. Also, see, *State v. Bickerstaff* (Nov. 17, 1982), Medina App. No. 1141, unreported, 1982 WL 2840.

Since jeopardy never terminated, Hague's argument must fail.

■  The second hurdle Hague has failed to overcome is the principle of collateral estoppel as set forth in *State v. Starcher* (1984), 21 Ohio App.3d 94, 21 OBR 100, 487 N.E.2d 319, certiorari denied (1985), 469 U.S. 1222, 105 S.Ct. 1211, 84 L.Ed.2d 353.

In *Starcher,* this court stated at 21 Ohio App.3d at 95–96, 21 OBR at 102, 487 N.E.2d at 321:

" * * * It is clear from a review of the case law applying the rule of collateral estoppel in criminal cases that collateral estoppel will preclude successive prosecutions for separate but related offenses only in those situations where the second prosecution requires the relitigation of ultimate factual issues which have been previously resolved against the state and *in favor of the accused* in the first prosecution. The relitigation of factual issues previously resolved *against the accused* is not barred by collateral estoppel. * * * " (Emphasis *sic.*)

Thus, assuming, *arguendo,* that the same *ultimate* issues of facts were involved in the retrial, Hague's conviction for the felonious assault of Cadle does not preclude a subsequent prosecution for the attempted aggravated murder of Cadle.

Because neither double jeopardy nor collateral estoppel prevents the retrial of the attempted aggravated murder charge, the death specification remains.

### Summary

Based on the foregoing reasons, we overrule Hague's assignment of error and find that the trial court properly denied Hague's motion to dismiss on double jeopardy grounds. The state may proceed to try its case against Hague for the remaining charges including the death specification.

*Judgment accordingly.*

CACIOPPO and BAIRD, JJ., concur.