**UNITED STATES of America, Plaintiff,**

v.

**Michael MINTZ, Paul Silvers, Merrill Crawford, and Samuel Walker, Defendants.**

**No. 91–40045–01–04.**

United States District Court,
D. Kansas.

Oct. 6, 1992.

**230**

Lee Thompson, U.S. Atty., Wichita, Kan., D. Kan., Gregory G. Hough and Richard L. Hathaway, Asst. U.S. Attys., Topeka, Kan., for plaintiff.

Gregory E. Skinner, Asst. Federal Public Defender, Topeka, Kan., for defendant Mintz.

McCullough, Wareheim & LaBunker, PA, Donald Hoffman, Tilton & Hoffman, F.G. Manzanares, Topeka, Kan., Borg & Lombardino, Kew Gardens, N.Y., for Paul Silvers.

William K. Rork, John C. Humpage, Topeka, Kan., for defendant Crawford.

Joseph D. Johnson, Topeka, Kan., for defendant Walker.

Jeannine Herron, Topeka, Kan., for defendant Wolfe.

### MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

This matter is before the court on motions by Paul Silvers and Michael Mintz to dismiss the conspiracy charges against them on the basis of double jeopardy (Docs. 115 and 116). Both defendants contend the conspiracy charged in this case is part of an overall conspiracy charged and ultimately dismissed with prejudice in their case in Florida. Mintz and Silvers pled guilty in Florida to conspiracy to import marijuana, and Count III, the conspiracy to possess with the intent to distribute marijuana, was dismissed with prejudice.[1] Because the court finds the conspiracy to possess with intent to distribute marijuana charged in Kansas and the conspiracy to possess with intent to distribute marijuana charged and ultimately dismissed in Florida are so interdependent as to constitute one conspiracy, the conspiracy charged in Count 1 of the current indictment must be dismissed as to Michael Mintz and Paul Silvers.

In analyzing the double jeopardy issue, the United States Supreme Court has ruled that the district courts must first apply the traditional *Blockburger* test. *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). This test is essentially whether the statutory elements of the offense are the same or whether one offense is a lesser included offense of the other. Application of the test to the facts of this case would not lead to a conclusion that the defendant was being put in jeopardy twice for the same offense.

In *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), however, the Court specifically addressed multiple prosecution situations and stated, "the Double Jeopardy Clause bars any subsequent prosecution in which the government, to establish an essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted." 495 U.S. at 521, 110 S.Ct. at 2093.

The Tenth Circuit's statement of the law in cases where conspiracy is the offense in question is particularly instructive. *See United States v. Sasser*, 974 F.2d 1544, (10th Cir.1992). If the defendant is charged for participation in two conspiracies, which in fact are a single conspiracy, double jeopardy bars the subsequent prosecution. 974 F.2d at 1549. The court must look to the interdependence of the conduct alleged and " 'the focal point of the analysis is whether the alleged co-conspirators were united in a common unlawful goal or purpose.' " *Id.*, 974 F.2d at 1550 (quoting *United States v. Daily*, 921 F.2d 994, 1007 (10th Cir.1990)). The court in *Daily* also stated that the interdependence of the multiple conspiracies involves a determination of "whether the activities of alleged co-conspirators in one aspect of the charged scheme were necessary or advantageous to the success of the activities of co-conspira-

---

**1.** Count Two of the three count indictment in Florida, importation of marijuana, was also dismissed.

tors in another aspect of the charged scheme, or the success of the venture as a whole." *Daily*, 921 F.2d at 1007.

In the instant case, the defendants contend the overall scheme was to import good quality Jamaican marijuana into Florida. The defendants would mix the Jamaican marijuana with poor quality Kansas marijuana, which they would harvest from wild growing Kansas marijuana fields. The marijuana would then be sold in New York. In addition, some of the Kansas marijuana would be sold to help finance the importation of the Jamaican marijuana.

The government contends that the conspiracy charged in Florida involved only the Jamaican marijuana. The conspiracy charged in Kansas involved different co-conspirators, Mintz and Silvers being the only common denominators, and the purpose was to find wild growing Kansas marijuana to harvest. The government contends that no facts regarding the Florida conspiracy will be used to prove the Kansas conspiracy, and although there are similarities between the two charged conspiracies, there is no interdependence.

The court finds the government's distinctions to be without merit. The evidence at the hearing, both through deposition and affidavit testimony and testimony of live witnesses, shows the alleged conduct in Florida and the alleged conduct in Kansas was part of one overall conspiracy. An affidavit by Harold Borg, Silvers' New York attorney in the Florida case, reflects Borg's understanding that the two operations were undertaken together with the purpose of ultimately mixing the marijuana. The deposition of Herbert Cohen, Mintz's attorney in Florida, also reflects the same understanding, although Cohen does not remember specifically discussing this aspect of the case. Even co-defendant Sandra Wolfe, who has pled guilty in this case and is rendering assistance to the government, remembers being told that the purpose of the operation in Kansas was to obtain marijuana to mix with the Jamaican marijuana.

The court notes the affidavits of Mintz and Silvers also state the same objective.

The court further notes that the two defendants have a substantial interest in the outcome of this motion, but along with other evidence from sources who do not have a self-serving interest, lend weight to the conclusion that there was only one conspiracy.

It is clear to the court that the common unlawful goal or purpose was to sell Jamaican marijuana that had been mixed with poorer quality wild Kansas marijuana. Finding and harvesting the Kansas marijuana furthered the overall goal of the defendants. The fact that some of the Kansas marijuana was to be sold to aid the importation of the Jamaican marijuana does not weaken that conclusion, and, in fact, also furthered the overall unlawful purpose of the defendants.

The addition of Samuel Walker, Merrill Crawford, and Sandra Wolfe, in the Kansas operation does not impact the court's findings regarding the interdependence of the conspiracies. It would not be unusual for a conspiracy spanning conduct in several states to take on additional members to help carry out a portion of the objectives of the conspiracy.

Much was made of one of the drafts of a proffer by defendant Michael Mintz made for the purpose of obtaining a Rule 20 transfer for disposition of the Kansas case in Florida. The proffer stated that the conduct in Kansas and Florida were "separate deals" and the defendants were not going to mix the Kansas marijuana with the Jamaican marijuana. A total of three proffers were prepared by defendant Mintz, and although the testimony on this point was not definitive, it appears to the court that the KBI case agent was dictating what should be in the proffer for the Kansas authorities to approve a Rule 20 transfer. The court therefore finds that the proffer is not indicative of whether the conduct in question formed the basis for single or multiple conspiracies.

As a final matter, defendant Mintz also seeks to have Count 2 dismissed on the basis that he has already been punished for this offense in Florida. The defendant contends that the quantity of marijuana upon

which Mintz's sentence was based in Florida included the Kansas marijuana. The court declines to dismiss the possession count in this case. The court has examined the transcript of the sentencing in Florida and the Pre–Sentence Investigation Report prepared for the Florida sentencing and cannot find that the Kansas marijuana was included in the calculation of Mintz's sentence. If the defendant is convicted on Count II of this indictment, he may reassert his argument at sentencing.

IT IS BY THE COURT THEREFORE ORDERED that the motions by defendants Paul Silvers and Michael Mintz to dismiss Count I of the indictment on the basis of double jeopardy (Docs. 115 and 116) are granted and Count 1 is hereby dismissed as to Mintz and Silvers.

IT IS FURTHER ORDERED that defendant Michael Mintz's motion to dismiss Count 2 of the indictment is denied.