**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 2 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

EUGENE JACKSON,

　　　　Petitioner-Appellant,

v.

STEVE HARGETT,

　　　　Respondent-Appellee.

Nos. 99-6349 & 99-6375
(D.C. Nos. 97-CV-1070-C &
97-CV-1074-C)
(W.D. Okla.)

**ORDER AND JUDGMENT** *

Before **BRORBY** , **ANDERSON** , and **MURPHY** , Circuit Judges.

　　　After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

these appeals. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cases are

therefore ordered submitted without oral argument.

　　　These appeals stem from petitioner's conviction in Oklahoma state court on

several counts of unlawful distribution of cocaine and conspiracy to distribute

---

*　　This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

cocaine. Because petitioner raises the same issues in both appeals, we will treat them together, noting relevant differences only where necessary.

Petitioner was convicted of participating in drug transactions which turned out to be part of a year-long sting operation run out of an electronics store by the police department of Lawton, Oklahoma. The convictions at issue in appeal No. 99-6375 arose from petitioner's participation in a drug sale with one "Broomfield" on January 17, 1990, and a later transaction involving co-defendant James Johnson on February 26, 1990. The two episodes were charged separately but tried together in state court. Appeal No. 99-6349 stems from a drug sale on January 10, 1990, involving petitioner and his co-defendant Roleita Nash.

Petitioner's convictions in No. 99-6375 were affirmed on direct appeal by the Oklahoma Court of Criminal Appeals in an unpublished summary opinion and post-conviction relief was ultimately denied. The conviction in No. 99-6349 was affirmed except for one conspiracy conviction which was reversed on double jeopardy grounds. All claims raised here have been properly exhausted.

Petitioner's habeas petition brought pursuant to 28 U.S.C. § 2254 alleges that his convictions are infirm because they violated his right against double jeopardy, he was effectively entrapped by the police, and was denied his right to

confront a key witness. [1] The magistrate judge reviewed all of petitioner's claims and recommended that habeas relief be denied. The district court adopted the recommendations in their entirety, denied the petition, and further refused to grant petitioner a certificate of appealability.

Petitioner filed his § 2254 application on June 30, 1997, after the effective date of AEDPA. See *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 566 (10th Cir. 2000). Under AEDPA's standard, a federal court may not issue a writ of habeas corpus because of alleged legal infirmity unless the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *Van Woudenberg,* 211 F.3d at 566. "Thus, we may grant the writ if we find the state court arrived at a conclusion opposite to that reached by the Supreme Court on a question of law; decided the case differently than the Supreme Court has on a set of materially indistinguishable facts; or unreasonably applied the governing legal principle to

---

[1] In appeal No. 99-6349, petitioner also argues that the magistrate judge failed to address his contention that all of his cases arising out of the Lawton sting operation should have been consolidated. Habeas relief is only available for violations that rise to constitutional dimension or violate federal law. *See* 28 U.S.C. § 2254(a). Whether to consolidate cases is committed to judicial discretion, *see Petromanagement Corp. v. Acme-Thomas Joint Venture*, 835 F.2d 1329, 1334 (10th Cir. 1988), and does not present a constitutional basis upon which habeas relief can be granted.

the facts of the prisoner's case." *Id. (citing Williams v. Taylor*, 120 S. Ct. 1495, 1523 (2000)). [2]

The Oklahoma Court of Criminal Appeals issued summary opinions in both of petitioner's direct appeals and in his post-conviction proceedings, elaborating neither on the facts nor on its legal analysis. Nevertheless, because there is no indication here that the state court did not reach the merits of petitioner's claims, we will consider these cases to have been adjudicated on the merits by the Oklahoma courts. *See Aycox v. Lytle*, 196 F.3d 1174, 1177 (10th Cir. 1999).

Petitioner initially argues that his convictions for distribution of illegal drugs and conspiracy to distribute illegal drugs, based on each occasion petitioner arranged a drug sale, violate the Double Jeopardy Clause. Petitioner reads the protections of the Clause too broadly. Even when there is significant similarity in the proofs offered to establish the crimes, "'the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not.'" *Tucker v. Makowski*, 883 F.2d 877, 878 (10th Cir. 1989) (*quoting Blockberger v. United States*, 284 U.S. 299, 304 (1932)). In these cases, petitioner was involved in drug

---

[2] "We may not issue the writ simply because we conclude in our independent judgment that the state court applied the law erroneously or incorrectly. Rather, we must be convinced that the application was also objectively unreasonable." *Van Woudenberg*, 211 F.3d at 566 (citing *Williams*, 120 S. Ct. at 1521-23).

transactions on three different occasions with three different co-conspirators. As the magistrate judge concluded in her report and recommendation which was adopted by the district court: "the separate cases charged by the Comanche County prosecutor are based on distinct and separate conspiracies connected only by the fact that Petitioner was a participant in each." R. Doc. 37 at 21. The charges against petitioner did not "grow out of a single criminal act, occurrence, episode, or transaction." *Ashe v. Swenson*, 397 U.S. 436, 453-54 (1970) (Brennan, J., concurring); *see also Harris v. Oklahoma,* 439 U.S. 970, 972 (1978) (Brennan, J., dissenting to denial of certiorari). Contrary to petitioner's contention, he was not subjected to multiple prosecutions for the same offense. [3]

Petitioner next contends that the state failed to prove he was not entrapped by the police. Assuming that petitioner had presented enough evidence to raise the defense of entrapment, [4] the burden then shifted to the government to prove beyond a reasonable doubt that defendant was not entrapped. *See id.* at 1330.

---

[3] Petitioner's citation to *United States v. Mintz*, 804 F. Supp. 229 (D. Kan. 1992), *aff'd* 16 F.3d 1101 (10th Cir. 1994), is inapposite. In *Mintz*, the co-defendants were both involved in one large conspiracy, which occasionally took on additional members. *See id.* at 231. In petitioner's cases, he was charged with three separate and distinct conspiracies, each involving a different co-conspirator. Had any of petitioner's co-defendants been the same in one or more of his cases, his situation would be more like that of the *Mintz* case.

[4] A defendant may present an entrapment defense to a jury only if he comes forth with evidence "from which a reasonable juror *could* derive a reasonable doubt as to the origin of criminal intent." *Duran*, 133 F.3d at 1331 n.6 (quotations omitted).

The government could have done this by showing either that defendant was not induced by a government agent to commit the crimes or that defendant was predisposed to commit the crimes when presented with the opportunity. *See id.*

> Predisposition to commit a criminal act may be shown by evidence of similar prior illegal acts or it may be inferred from defendant's desire for profit, his eagerness to participate in the transaction, his ready response to the government's inducement offer, or his demonstrated knowledge or experience in the criminal activity.

*Id.* at 1335 (quotations omitted). While a defendant's predisposition to commit a criminal offense must be assessed prior to the time the government agent approached the defendant, *see Jacobson v. United States*, 503 U.S. 540, 548-49 (1992), "inferences about that predisposition may be drawn from events occurring after the two parties came into contact," *see United States v. Garcia*, 182 F.3d 1165, 1169 (10th Cir.), *cert. denied*, 120 S. Ct. 448 (1999).

Here, the evidence was that, while defendant had no drug-related criminal history and initially told the undercover state agent that he did not sell drugs, he responded in an enthusiastic and positive manner to the opportunity presented. Defendant testified that he became involved in the drug operation after a total stranger approached him on a street in an area of town frequented by drug dealers. The stranger, who was in actuality an undercover police officer, asked for defendant's help in securing "rocks" because the stranger's "boss man" in Mexico would retaliate against him otherwise. The undercover officer gave defendant his

-6-

business card with the address of the electronics store and told defendant that "he would spend fifty dollars on a good sale." R. Transcript Jury Trial May 11, 1992, at 116. Defendant shared this information with another friend on the street and the two drove to the electronics store that same morning and sold cocaine to the undercover agent. Petitioner eventually spent five days a week at the store having become the undercover agent's "main man" in the drug business. *Id.* at 118.

This evidence of petitioner's eagerness to participate in the drug transaction, his ready response to the offer of the undercover agent, the fact that he was paid for his efforts, and his familiarity with drug dealing in general was sufficient to meet the government's burden of proving petitioner's predisposition to engage in criminal activity. *See Duran*, 133 F.3d at 1335.

Petitioner finally contends that he was denied his Sixth Amendment right to confront an adverse witness when the undercover agent discussed above did not appear at the trial in the case underlying appeal No. 99-6349. In place of the agent's live testimony, the court allowed portions of the agent's preliminary hearing testimony to be read into the record.

In order to excuse a putative Confrontation Clause violation, the state must demonstrate the unavailability of the witness and the statement must have "sufficient indicia of reliability to justify admission." *See Crespin v. New Mexico,* 144 F.3d 641, 646 (10th Cir. 1998) (quotation omitted). The district

court concluded that, even if the state failed to make a reasonable effort to secure the presence of the witness, and even if the preliminary hearing testimony failed to meet the standards of reliability demanded by the Confrontation Clause, the error was harmless. We agree.

"Confrontation Clause violations . . . are constitutional trial errors subject to harmless error analysis." *Id.* at 649 (citing *Delaware v. Van Arsdall*, 475 U.S. 673, 684 (1986)). In a § 2254 proceeding, the court will not upset a state court judgment unless the trial error "had substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (quotation omitted). Habeas relief will not be granted unless the petitioner can demonstrate that he was actually prejudiced by the error. *See id.*

Petitioner argues that he was prejudiced by his inability to cross examine the undercover agent on the issue of entrapment. Petitioner's own testimony, however, established his predisposition to participate in the criminal activity. He identifies no evidence that could have been developed on cross examination that would have countered his own testimony relevant to his predisposition. Any error on the part of the state in failing to secure the presence of the agent as a witness was harmless.

The district court was correct to conclude that the state court decisions at issue here did not arrive at conclusions opposite those reached by the Supreme

Court on questions of law; were not decided differently than the Supreme Court has on a set of materially indistinguishable facts; and did not unreasonably apply the governing legal principles to the facts of petitioner's cases. *See Van Woudenberg*, 211 F.3d at 566 (citing *Williams,* 120 S. Ct. at 1523).

Petitioner's applications for certificates of appealability are denied. These appeals are dismissed. The mandates shall issue forthwith.

Entered for the Court

Stephen H. Anderson
Circuit Judge